**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Francis Lowry, V, | No. CV-25-00666-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| University of Arizona Global Campus, | |
| Defendant. | |

Before the Court is pro se Plaintiff Bobby Francis Lowry's Complaint alleging violation of due process under 42 U.S.C. § 1983, breach of contract, and negligence against Defendant University of Arizona Global Campus (Doc. 1). Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). For the following reasons, the Court will grant the Application and dismiss the Complaint and this case.

**I.      Application to Proceed In District Court Without Prepaying Fees and Costs**

The Application indicates Plaintiff has insufficient funds to pay the filing fee. Good cause appearing, the Court will grant the Application.

**II.     Statutory Screening of In Forma Pauperis Complaints**

Under 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court must screen the Complaint and dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Still, the Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a complaint could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend that complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**III.    Analysis**

Plaintiff brings a three-count Complaint against Defendant for violation of due process under 42 U.S.C. § 1983, breach of contract, and negligence. Doc. 1. The Complaint alleges Plaintiff "enrolled as a student at the University of Arizona Global Campus." *Id.* at 1. Plaintiff was required to verify his identity and attempted to do so by uploading proof of his driver's license. *Id.* "Despite multiple attempts and communications, Defendant's system failed to accept or Process [Plaintiff's proof of identity]." *Id.* Defendant subsequently "dismissed Plaintiff from enrollment," citing Plaintiff's failure to verify his identity. *Id.* As a result of his unenrollment, "Plaintiff lost tuition, book expenses, and income due to class attendance obligations, and suffered significant emotional distress and anxiety attempting to resolve the issue." *Id.*

///

///

### A. Violation of Due Process

Plaintiff alleges Defendant violated his due process rights under 42 U.S.C. § 1983 because "Defendant, acting under color of state law, deprived Plaintiff of his property interest in continued enrollment without providing adequate notice or opportunity to be heard, in violation of the Fourteenth Amendment." Doc. 1 at 2.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. IV § 1. Because the Fourteenth Amendment does not supply the meaning of property, property interests are "defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). To have a property interest in something, a person must "'have a legitimate claim of entitlement to it,' not just 'an abstract need or desire for it.'" *Dudley v. Boise State Univ.*, 152 F.4th 981, 990 (9th Cir. 2025).

The Supreme Court has never held that there is a fundamental right to education. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 37 (1973) ("We have carefully considered each of the arguments supportive of the District Court's finding that education is a fundamental right or liberty and have found those arguments unpersuasive."); *see also Hiller v. Ariz. Bd. Of Regents*, No. CV-22-00554-PHX-SMB, 2022 WL 9406631, at *10–11 (D. Ariz. Oct. 14, 2022). Accordingly, to establish a right to enrollment at a public institution of higher education, a plaintiff would need to establish such a right under state law. *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978). Arizona law does not create a property right in higher education. *See Carpio v. Tucson High Sch. Dist.*, 111 Ariz. 127, 130, 524 P.2d 948, 951 (1974) (the right to education in Arizona "only extend[s] to a uniform, free [kindergarten through high school] system open six months a year to all persons between the ages of six and twenty-one years"); *see also Schwake v. Ariz. Bd. of Regents*, 821 F. App'x 768, 770 (9th Cir. 2020) ("[Plaintiff] asserted a property interest in his education and lab access, but he failed to identify any basis pursuant to

Arizona law that recognizes a property interest in either."); *Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2019 WL 7282027, at *10 (D. Ariz. Dec. 27, 2019) (finding no right to attend Arizona State University under Arizona law).

Plaintiff alleges he has a property right in his "continued enrollment" at the University of Arizona Global Campus but does not provide a basis for such a right in Arizona law. The Court has similarly been unable to find support for this assertion, and courts have repeatedly held that there is no right to higher education under Arizona law. Accordingly, the cancelation of Plaintiff's enrollment was not a violation of his due process rights under the Fourteenth Amendment, and Plaintiff fails to state a claim on this count.

## B. Breach of Contract and Negligence

Plaintiff also alleges Defendant breached the terms of its student enrollment agreement and negligently handled Plaintiff's identity verification documents. Both claims sound in state law.

Federal courts are courts of limited jurisdiction. A federal basis, via either diversity of citizenship or federal question, is required for a federal court to adjudicate a case. *See Newtok Vill. v. Patrick*, 21 F. 4th 608, 615 (9th Cir. 2021). Here, Plaintiff alleges federal question jurisdiction. A court has federal question jurisdiction when an action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. When a district court has original jurisdiction over an action, such as an action brought under federal law, 28 U.S.C. § 1367 allows the court to exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court can decline to exercise supplemental jurisdiction when the court has "dismissed all claims over which it has original jurisdiction." § 1367(c)(3).

Plaintiff has no federal claim. Because Plaintiff's attempt to state a federal law claim has failed at the screening stage, it is unclear whether the Court has original jurisdiction over this case. Regardless, because the case has not progressed past screening, the Court

would decline to use its discretion under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (ordinarily when "all federal-law claims are eliminated before trial" a court should decline jurisdiction over the remaining state law claims). Accordingly, the Court will dismiss the Complaint in its entirety.

### IV.   No Leave to Amend

Though a pro se plaintiff is ordinarily entitled to an opportunity to amend his complaint before dismissal of the action, *see Lopez, 203 F.3d at 1127–29*, a court is not required to grant leave to amend when doing so would be futile. *See AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Here, because there is no right to higher education under Arizona law, the Court finds Plaintiff could not allege additional facts to state a due process claim. Without a viable federal claim, the Court will not exercise jurisdiction over this case. Accordingly, amendment is futile, and the Court will dismiss this case in its entirety.

### V.   Order

Accordingly,

**IT IS ORDERED granting** Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED dismissing** the Complaint (Doc. 1) and this case in its entirety. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 12th day of February, 2026.

John C. Hinderaker
United States District Judge